UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NERI TAWFIQ,

    *Plaintiff,*

v.

JAMES HINES,

    *Defendant.*

                         /

Case No. 1:22-cv-10175
District Judge Paul D. Borman
Magistrate Judge Patricia T. Morris

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS
(ECF No. 13)**

## I. RECOMMENDATION

For the following reasons, I recommend that the Court **GRANT** Defendant's motion to dismiss (ECF No. 13) and **DISMISS** Plaintiff's complaint **WITHOUT PREJUDICE**.

## II. REPORT

### A. BACKGROUND

Neri Tawfiq is a veteran and a patient of the United States Department of Veterans Affairs ("VA"). (*See* ECF No. 1, PageID.14–16, 39). Tawfiq worked as a pharmacist at the VA's Saginaw Medical Center until March 2021 when Christopher Cauley, the Director of the Medical Center, terminated him for inappropriate "conduct" upon the recommendation of Tawfiq's supervisor, Teresa Dufresne. (*Id.* at PageID.39–41). Cauley sent Tawfiq a letter to inform him of the decision; however, the letter did not explain why Dufresne recommended that he be terminated, and Tawfiq went to the VA later that day to discuss his termination with Dufresne. (*Id.* at PageID.23–24).

1

Although Tawfiq asked Dufresne to provide "a list of things he did [which] led to [his] termination," she provided him with few details, explaining that he was terminated for a "conduct issue," and could appeal her decision. (*Id.*) Following this conversation, Tawfiq left the pharmacy for a few minutes before he returned, "stating that he [still] wanted to talk." (*Id.*) According to a pharmacy employee, Tawfiq had become "loud" and "aggressive," and, seeking to diffuse the situation, this employee called for an officer. (*Id.* at PageID.23). Tawfiq then left the area, but was later seen speaking with police elsewhere in the facility. (*Id.*)

About a week later, the Saginaw VA Medical Center's Disruptive Behavior Committee ("DBC") reviewed Tawfiq's outburst and determined that he posed a risk to patient and staff safety when visiting VA medical facilities as a patient. (*See id.* at PageID.14–15). Based on that determination, the Committee placed a "Patient Record Flag" in Tawfiq's record which required Tawfiq to check in with VA Police whenever he arrived at a VA facility. (*Id.*) After checking in, VA police were required to "escort[]" Plaintiff to and from his appointments. (*Id.* at PageID.15). Tawfiq appealed the flag to James Hines, the Medical Center's Chief of Staff, but Hines rejected his appeal, explaining that he "concurred" with the DBC's decision. (*Id.* at PageID.17).

At some point after his termination, Tawfiq filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in which he alleged that he was subjected to a hostile work environment. (*Id.* at PageID.35–38). Specifically, Tawfiq alleged that his coworkers at the VA belittled him and made inappropriate comments about his race. (*Id.* at PageID.35). According to a "written affidavit," prepared by the VA's Office of Resolution Management, Hines was Tawfiq's second line supervisor. (*Id.* at PageID.36).

Tawfiq eventually filed a complaint against Hines in this Court, seeking monetary damages from Hines in his individual capacity, and Hines moved to dismiss Tawfiq's complaint. (*Id.* at PageID.6–7; ECF No. 13). Although the undersigned ordered Tawfiq to file a response brief, Tawfiq chose instead to request a hearing before the Court. (ECF Nos. 15, 16). In his request, Tawfiq explained that he believed the AUSA assigned to this matter "submitted fraudulent information to" the Court, but he did not elaborate on this statement. (ECF No 16, PageID.103).

### B. STANDARDS OF REVIEW

Although Hines purports to have filed a motion to dismiss, he has actually filed two separate motions—one for substitution under 28 U.S.C. § 2679(d)(1) (2018) and one for dismissal under Federal Rule of Civil Procedure 12(b). (*See* ECF No. 13, PageID.77–78 (arguing that the Court should substitute the United States for Hines as the named Defendant); ECF No. 13-3 (Attorney General's certification that Hines acted within the scope of his employment)); *Singleton v. United States*, 277 F.3d 864, 870–73 & n.4 (6th Cir. 2002) (distinguishing between a motion to dismiss and a motion to substitute); *see, e.g.*, *McMullan v. United States*, No.17-5463, 2017 WL 8220209, at *1 (6th Cir. 2017). A motion for substitution under § 2679(d)(1) allows a federal employee to substitute the United States as the defendant to the plaintiff's tort claims if the defendant demonstrates that the suit concerns an action that he or she took within the scope of his or her employment, and generally, this motion is considered before a Court reaches the merits of a defendant's motion to dismiss. *See Capps v. Hester*, No. 1:20 CV 52 MR WCM, 2020 WL 8371878, at *3 (W.D.N.C. Dec. 30, 2020) (citing *Budik v. Ashley*, 36 F. Supp. 3d 132, 138–39 (D.D.C. 2014)).

3

### 1. Motion for Substitution

The Attorney General, who "shall defend any civil action" against a federal employee, may move to substitute the United States as the defendant to a plaintiff's tort claims by filing a certification "that the defendant employee was acting within the scope of his office or employment at the time of the incident . . . ." 28 U.S.C. § 2679(c)–(d)(1). This certification raises a rebuttable presumption that the defendant acted within the scope of his employment, and the plaintiff carries the burden of producing evidence establishing that the certification is incorrect. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996). "If the plaintiff produces such evidence, the government must then produce evidentiary support for its certification." *Singleton*, 277 F.3d at 870–71. Ultimately, the district court must "resolve [any] disputes of fact necessary to the determination of scope of employment." *Id.* at 870 & n.6; *see also Heuton v. Anderson*, 75 F.3d 357, 360–61 (8th Cir. 1996).

### 2. Rule 12(b)(1)

Should the Court grant its motion to substitute, the Attorney General moves to dismiss Tawfiq's tort claims under Federal Rule of Civil Procedure 12(b)(1). (*See* ECF No. 13, PageID.77–78). Under Rule 12(b)(1) a defendant may move to dismiss a complaint on the grounds that the district court lacks subject matter jurisdiction. Where subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of proving that the district court has jurisdiction. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). The court will accept the complaint's factual allegations as true insofar as the defendant facially challenges the "sufficiency of the pleading" itself. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). And where, as here, the plaintiff files his or her

4

complaint pro se, the court must liberally construe the pleadings. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

However, the complaint's factual allegations are not presumptively true where there is a factual controversy. *Ohio Nat. Life Ins. Co.*, 922 F.2d at 325. Instead, the court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id.*

### 3. Rule 12(b)(6)

Separately, Hines moves for dismissal under Rule 12(b)(6) to the extent that Tawfiq brings any claims under Title VII of the Civil Rights Act of 1964. A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, a plaintiff's complaint shall be dismissed for failure to state a claim under Rule 12(b)(6) if it lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere labels, conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The requirement to provide a plausible claim does not require that a claim be "probable"; however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

### C. ANALYSIS

#### 1. Tawfiq's Claims

At the outset, I take a moment to clarify the claims Tawfiq brings against Hines. Tawfiq explicitly identifies only one cause of action in his complaint—defamation. (ECF No. 1, PageID.6). Specifically, he alleges that Hines "defame[d]" him by accusing him of "violent behavioral acts," and that Hines "slander[ed]" his "name" by "fabricat[ing]" his termination and patient flag. (*Id.* at PageID.5–6). However, Tawfiq appears to take issue with more than just harm to his reputation, and his complaint "must be construed so as to do justice." Fed. R. Civ. P. 8(e). As a pro se litigant, his complaint, "however inartfully pleaded, must be" construed "liberally" and "held to [a] less stringent standard[] than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Liberally construing his complaint, Tawfiq appears to also bring a Title VII hostile work environment claim and a Title VII discrimination claim against Hines. In the body of his complaint, Tawfiq accuses Hines of implementing the flag to "make [him] seem [like] a violent [B]lack man," and included in the pile of annotated documents attached to Tawfiq's complaint is an affidavit, apparently drafted by the VA's Office of Resolution Management, which states that Tawfiq had complained to the Equal Employment Opportunity Commission ("EEOC") of a hostile work environment. (ECF No. 1, PageID.5, 35–36). Immediately following this document is an email sent to him by a VA employee in which the employee responds to the allegations made in the affidavit. (*Id.* at PageID.37). In the affidavit, Tawfiq alleges that his coworkers and managers frequently "commented" on his race and disability, and made several comments to Tawfiq that he found offensive. (*Id.* at PageID.35). However, while Tawfiq's complaint, when liberally construed, appears to bring either a Title VII discrimination claim or

6

a Title VII hostile work environment claim against Hines, Tawfiq cannot hold Hines individually liable under Title VII. Indeed, only employers may be held liable under Title VII, as "Title VII actions simply may not be brought against employees and supervisors in their individual capacities." *Fisher v. Merryman*, 32 F. App'x 721, 723 (6th Cir. 2002) (citing *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)); s*ee also Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002) (explaining that the "relevant department head" is the only "proper defendant" in a Title VII action brought by a federal employee). Accordingly, I suggest that while Tawfiq appears to allege a Title VII violation, he fails to state a plausible claim for relief under Rule 12(b)(6).[1]

Tawfiq also makes a vague allegation accusing Hines of "fabrication of termination [and] fabrication of behavioral violent acts that [he] did not perform, that resulted in VA police harassment [e]ndangering [his] life . . . ." (ECF No. 1, PageID.5). I suggest that this allegation is best construed as either part of Tawfiq's defamation claim or his Title VII claim.

---

[1] In his motion to dismiss, Hines argues that Tawfiq failed to exhaust his administrative remedies under Title VII before bringing this action. (ECF No. 13, PageID.81). But while purporting to move for dismissal under Rule 12(b)(6), Hines relies on an exhibit, attached to his motion, to demonstrate that Tawfiq had not yet exhausted his remedies before the EEOC before filing suit in federal court. (*Id.*; ECF No. 13-5). Under Federal Rule of Civil Procedure 12(d), a court must treat a motion under Rule 12(b)(6) as a motion for summary judgment if the motion presents matters outside the pleadings, unless the court expressly excludes these exhibits from consideration—it is not enough for the court to simply "disregard" the moving party's exhibits. *Bates v. Green Farms Condominium Ass'n*, 958 F.3d 470, 484 (6th Cir. 2020). Because the Court need not address exhaustion to dismiss Tawfiq's Title VII claims, I suggest that it should exclude this exhibit and treat Hines's motion, as it relates to Tawfiq's Title VII claims, as a motion to dismiss. *See Stephenson v. Family Solutions of Ohio, Inc.*, No. 1:15cv2017, 2020 WL 6685301, at *3 (N.D. Ohio Nov. 12, 2020) ("[I]t is solely within the Court's discretion to either consider matters outside the pleadings and convert the motion to one for summary judgment, or to exclude the extra-pleading materials . . . ."). Further, I suggest that the Court should exclude the copy of Tawfiq's termination letter attached to Hines's motion, as the Court need not consider this exhibit to decide Hines's motion. *See id.* I also note that Hines' remaining two exhibits are relevant to Hines's motion for substitution, not his motion to dismiss, and therefore need not be excluded. *See* Fed. R. Civ. P. 12(d); (ECF No. 13-3, PageID.90–91; ECF No. 13-4). And even if the Court were to construe these two exhibits as part of Hines' motion to dismiss, the Court could still consider these exhibits because they would only be relevant to his 12(b)(1) motion. *Ord v. District of Columbia*, 587 F.3d 1136, 1140 (D.C. Cir. 2009); *see also Rodriguez v. United States*, No. 1:13 CV 01559, 2015 WL 3645716, *3–4 (N.D. Ohio June 10, 2015).

There are few other ways to interpret this allegation. At first blush, it might appear that Tawfiq desires judicial review of his termination and patient flag. But even assuming that the Court could review the merits of these decisions, Tawfiq does not request injunctive relief—he seeks only monetary damages from Hines in his individual capacity. (*Id.* at PageID.49); *see* 5 U.S.C. § 706 (2018) (providing that judicial review of an agency action is limited to compelling an agency to act, holding an agency's action to be unlawful, or setting aside an agency's action). Nor does it appear that Tawfiq simply wishes to hold Hines liable because the VA lacked adequate reason for terminating Tawfiq and issuing the patient flag. Tawfiq does not identify any law which would give him a private right of action for such claims, at least under these circumstances, and the undersigned has not found any law that would allow Tawfiq to recover money damages from Hines for terminating on false pretenses or for issuing a flag without adequate justification. Indeed, the Court lacks jurisdiction to consider any challenges to Tawfiq's termination, as the Civil Service Reform Act ("CSRA") provides the exclusive recourse, outside of Title VII, for federal employees who wish to challenge their termination, and the Merit Systems Protections Board and the Federal Circuit hold exclusive jurisdiction over CSRA claims. 5 U.S.C. §§ 7701, 7703(d), 7512 (2018); *Sweeney v. Napolitano*, No. H-08-3701, 2009 WL 10718879, at *2 (S.D. Tex. Aug. 21, 2009); *Coe v. N.L.R.B.*, 40 F.Supp.2d 1049, 1053 (E.D.Wis.1999) (Title VII of the Civil Rights Act of 1964, as amended, and the CSRA provide the exclusive remedies for federal employees with employment discrimination claims and nondiscriminatory employment claims, respectively).

Likewise, as to the patient flag, the Medical Center implemented the flag pursuant to 38 C.F.R. § 17.107 (2022); however, this regulation does not purport to confer a private right of

8

action against officials who improperly implement flags. And even if it did, only Congress can invoke a private right of action, and the undersigned has found no statute which permits patients to recover money damages from employees of the Veterans Health Administration who violate the Administration's regulations. *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001); *see also Smith v. Dearborn Fin. Servs., Inc.*, 982 F.2d 976, 979 (6th Cir. 1993).

To summarize, aside from Tawfiq's Title VII claims, which should be dismissed, Tawfiq's complaint brings only a state-law defamation claim against Hines.

### 2. Defamation

For the following reasons, I suggest that the Court lacks subject matter jurisdiction over Tawfiq' defamation claim, and it should dismiss the complaint before reaching Hines's motions to substitute and to dismiss. *See Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) ("[S]ubject matter jurisdiction may be raised sua sponte at any juncture because a federal court lacks authority to hear a case without subject matter jurisdiction."). And even if the Court were to reach Hines' motions, I suggest that Tawfiq's claims would be barred by sovereign immunity.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the Court cannot adjudicate Tawfiq's claims against Hines without some statutory basis. *Id.*

The FTCA allows individuals to sue the federal government for torts committed by federal employees "acting within the scope of [their] office or employment . . . ." 28 US.C. §§ 1346(b)(1), 2672 (2018). However, the FTCA, standing alone, does not provide a cause of

9

action. *Pornomo v. United States*, 814 F.3d 681, 687 (4th Cir. 2016). Instead, the Act serves two functions. First, it waives the United States' absolute immunity from suit. *Premo v. United States*, 599 F.3d 540, 544 (6th Cir. 2010). Although the federal government is generally immune from lawsuits for monetary damages, the FTCA waives the government's sovereign immunity (subject to various exceptions) where federal employees commit torts while acting within the scope of their employment. *Id.*; *Evans v. United States*, 876 F.3d 375, 380 (1st Cir. 2017); *see United States v. Mitchell*, 463 U.S. 206, 212 (1983). Second, the FTCA grants the district courts "exclusive jurisdiction" over tort actions concerning the conduct of federal employees when they act in the scope of their employment. 28 U.S.C. § 1346(b)(1). Thus, the FTCA simply provides a vehicle through which individuals can bring state tort actions against the United States.

The FTCA also provides the "exclusive" remedy for state torts committed by federal officials acting within the scope of their employment. 28 U.S.C. § 2697(b)(1) (2018). In other words, individuals who are injured by a federal employee, while that employee was acting within the scope of his or her employment, may only bring a tort action against the United States pursuant to the FTCA—they may not instead sue a federal official or a federal agency. *Simmons v. Himmelreich*, 578 U.S. 621, 628 (2016). Thus, an individual like Tawfiq, who wishes to bring a state tort action based on the conduct of a federal employee, has only two avenues for relief in federal court. First, if the official acted within his or her scope of employment, then the plaintiff must bring an FTCA action against the United States. *Levin v. United States*, 568 U.S. 503, 507, 510 (2013). Alternatively, if the official did not act within the scope of his or her employment, then the plaintiff may sue the official directly, provided that the plaintiff can assert some other basis for federal jurisdiction. 28 U.S.C. § 2679(b)(1); *see Moreland v. Barrette*, No. CR 05- 480

10

TUC DCB, 2007 WL 2480235, at *3 (D. Ariz. Aug. 28, 2007); *Matthews v. United States*, 805 F. Supp. 712, 715 (E.D. Wis. Oct. 8, 1992) ("[W]hen an action is brought against a federal employee pursuant to some other grant of jurisdiction—say, diversity jurisdiction—it may be converted into an FTCA case upon the Attorney General's certification.").

Here, Tawfiq's complaint does not fall under the scope of the FTCA. In an FTCA action, the United States is the only proper defendant. 28 U.S.C. §§ 1346(b)(1), 2679(a). Actions against federal agencies or Government employees, even in their official capacities, are not cognizable under the FTCA. *Briscoe v. United States*, 268 F. Supp. 3d 1, 9 (D.D.C. July 25, 2017). *Compare Meyer*, 510 U.S. at 476 (1994) (recognizing that the proper defendant in an FTCA action is the United States, not a federal agency), *with Loeffler v. Frank*, 486 U.S. 549, 562 n.8 (1988) (recognizing that an official capacity suit against a federal official is a suit against the official's agency, rather than the United States). However, rather than sue the United States, Tawfiq brought his claim against an individual official; thus, he cannot bring this action via the FTCA. *Cf. Elliott v. Telerico*, No. 15-3156, 2015 WL 4130755, at *3 (N.D. Cal. July 8, 2015); *Tolson v. Stanton*, 844 F. Supp. 2d 53, 57 (D.D.C. 2012).

But because Tawfiq raises a federal question with his Title VII claims, the Court could exercise supplemental jurisdiction over Tawfiq's defamation claim. However, because the FTCA provides the exclusive recourse for torts committed by employees acting within the scope of their employment, Tawfiq may only bring a tort claim against Hines, based on this Court's supplemental jurisdiction, if Hines acted outside the scope of his employment. *See Simmons*, 578 U.S. at 628; *Matthews*, 805 F. Supp. at 715. And it is here that Tawfiq's complaint falls short—Tawfiq does not allege that Hines acted outside his scope of employment. Quite the

11

opposite, every act for which Tawfiq seeks to hold Hines liable fell squarely under the scope of his employment. Under Michigan law, an employee acts within the scope of his employment when he acts "within his authority" or when he undertakes actions "in furtherance of the employer's purpose." *Arbour v. Jenkins*, 903 F.2d 416, 422 (6th Cir. 1990); *see RMI Titanium Co.*, 78 F.3d at 1143. And here, Tawfiq's defamation claim stems entirely from his termination and the patient flag—actions which, if attributable to Hines at all, would have been taken within the scope of his authority and in furtherance of the VA's interests. Accordingly, the FTCA provides Tawfiq's exclusive recourse, but because Tawfiq has not named the proper defendant, this Court cannot exercise jurisdiction under the FTCA. *Cf. Harper v. U.S. Dep't of the Interior*, No. 21-00197, 2022 WL 425058, at *5 (D. Idaho Feb. 11, 2022); *Robutka v. D.O.J.*, No. 06-0716, 2007 WL 1975407, at *4 (S.D. Cal. Apr. 18, 2007).

Because Tawfiq does not allege any facts which, if taken as true, would demonstrate that he acted outside the scope of his employment, the Court lacks jurisdiction over the matter and it need not reach Hines' motion for substitution.[2] *See Singleton*, 277 F.3d at 872; *cf. Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998); *Freeman v. United States*, No. 13–CV–

---

[2] In *Singleton v. United States*, the Attorney General simultaneously removed a tort action against a federal employee from an Ohio Court and substituted the United States as the defendant, pursuant to 28 U.S.C. § 2679(d)(2). 277 F.3d at 867–68. Although the plaintiff "did not allege any facts in his complaint or in subsequent filings that, if true, would demonstrate that" the defendant acted outside the scope of his employment, the Sixth Circuit held that the district court properly granted the federal employee's motion for substitution. *Id.* at 872. In doing so, the Sixth Circuit tacitly acknowledged that the court held subject matter jurisdiction over the complaint, which did not name the United States as the defendant, despite its failure to allege specific facts demonstrating that the employee acted outside the scope of his employment. *See id.* However, where the attorney general removes a case pursuant to § 2679, the district court obtains subject matter jurisdiction even if the state court lacked jurisdiction over the complaint. *Cobb v. United States*, No. 21-2419, 2022 WL 2046109, at *3 (D.D.C. June 7, 2022) (citing *Osborn v. Haley*, 549 U.S. 225, 231 (2007)). And the district court's jurisdiction is "so durable that it may never be lost." *Id.* But unlike *Singleton*, Tawfiq originally filed his complaint in federal, not state, court. (*See* ECF No. 1). Moreover, while providing no supporting facts, the complaint in *Singleton* did allege that the defendant's conduct fell "outside the scope of his official duties." *Singleton*, 277 F.3d at 868. On the other hand, Tawfiq's complaint fails to even make a bare allegation that Hines acted outside the scope of his employment. (ECF No. 1).

02421 WHO, 2014 WL 1117619, at *5 (N.D. Cal. Mar. 19, 2014). But even if the Court did grant Hines' motion to substitute, I suggest that it would still lack subject matter jurisdiction. Should the Court substitute the United States as the defendant to Tawfiq's tort claims, then these claims would "fall[] under the governance of the" FTCA. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 419–20 (1995). However, while the FTCA provides Tawfiq's exclusive remedy, its waiver of sovereign immunity is not without limits. *See United States v. Smith*, 499 U.S. 160, 166 (1991) ("[T]he FTCA [is the] exclusive mode of recovery for the tort of a government employee even when the FTCA itself precludes Government liability."). And here, the FTCA's intentional torty exception would preclude the Court from exercising jurisdiction. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (explaining that sovereign immunity is a "jurisdictional" issue). The FTCA does not waive sovereign immunity from defamation claims except for those committed by "investigative" officers. 28 U.S.C. §2680(h); *see also Rector v. United States*, 243 F. App'x 976, 980 (6th Cir. 2007). Thus, even if the Court could reach the merits of Hines's motions for substitution and dismissal, the Court would still lack jurisdiction over Tawfiq's complaint.[3]

## III. CONCLUSION

For these reasons, I recommend that the Court **DISMISS** Plaintiff's complaint **WITHOUT PREJUDICE**.[4]

---

[3] Because it lacks subject matter jurisdiction, the Court should not reach the merits of Tawfiq's defamation claim. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

[4] Dismissals for lack of subject matter jurisdiction should be without prejudice because the court "lacks the power to reach the merits of the case." *Revere v. Wilimington Fin.*, 406 F. App's 936, 937 (6th Cir. 2011) (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005)).

13

## IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

15

Date:  August 30, 2022                                       S/ PATRICIA T. MORRIS
                                                             Patricia T. Morris
                                                             United States Magistrate Judge